**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **CLARENCE BANKS,** | ) |
| | ) |
| **SHELDON SCOTT,** | ) |
| | ) |
| **KYLE SIMMONS,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | )    **Jury Trial Demanded** |
| **OLE TYME PRODUCE, INC.** | ) |
|    **Serve:** | ) |
|    **Joan Daleo** | ) |
|    **3840 Millstone Parkway** | ) |
|    **St. Charles, Missouri, 63301** | ) |
| | ) |
|    **Defendant.** | ) |

## PLAINTIFFS' COMPLAINT

COMES NOW Plaintiffs Clarence Banks, Sheldon Scott and Kyle Simmons by and through their undersigned attorney, and for their Complaint against Defendant Ole Tyme Produce, Inc., state the following:

## NATURE OF THE ACTION

1.    This is an action for discrimination by the Defendant Old Tyme Produce against the Plaintiffs Clarence Banks, Sheldon Scott and Kyle Simmons because of their race and color. Counts I, IV and VII of this Complaint is authorized and instituted under the Missouri Human Rights Act, Section 2013.010 R.S.Mo. et seq.   Counts II, V, VIII of this Complaint is authorized and instituted under the Civil Rights Act of 1866, 42 U.S.C § 1981.   Counts III, VI, and IX of this Complaint is authorized and instituted under 42 U.S.C. § 2000e, et seq., of Title VII of the Civil Rights Act of 1964, as amended.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. §§ 1331 and 1343.

3.      This Court also has supplemental jurisdiction over Plaintiffs' state law claims pursuant to Title 28, United States Code, Section 1367.

4.      This Court also has jurisdiction over Plaintiffs' claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      Venue over Plaintiff' claims is proper in the Eastern District of Missouri because Defendant resides in the Eastern District of Missouri within the meaning of 28 U.S.C. § 1391 and because the events, acts, and omissions giving rise to Plaintiffs' claims occurred in the Eastern District of Missouri.

## THE PARTIES

6.      Plaintiff Clarence Banks is an individual and resident of Saint Charles County, Missouri.

7.      Plaintiff Sheldon Scott is an individual and resident of Saint Charles County, Missouri.

8.      Plaintiff Kyle Simmons is an individual and resident of Saint Louis County, Missouri.

9.     Defendant Ole Tyme Produce, Inc., (sometime referred to herein as "Ole Tyme") is a Missouri domestic corporation whose principal place of business is in Saint Charles County, Missouri.

## FACTS COMMON TO ALL COUNTS

10.     Defendant Ole Tyme Produce, Inc. operates a food distributor business operating in the Saint Louis Metropolitan Area.

11.     Plaintiffs worked for Defendant as delivery drivers.

12.     Plaintiffs are each African Americans and persons of color.

13.     Defendant employed approximately eighteen delivery drivers at the beginning of 2020.

14.     Plaintiffs were the only African American and persons of color employed by Defendant as delivery drivers at all times relevant herein.

15.     Defendant laid off delivery drivers in March and/or April 2020.

16.     Defendant brought Plaintiff Banks back for one week in min April 2020 and then laid him off again.

17.     Defendant brought back the delivery drivers other than the Plaintiffs.

18.     Defendant brought back the Caucasian delivery drivers.

19.     Many of the delivery drivers Defendant brought back had less seniority and experience than the Plaintiffs.

20.     Plaintiffs were more knowledgeable and capable in their job duties than many of the Caucasian delivery drivers Defendant brought back.

21.     Defendant rehired a Caucasian Delivery Driver who had quit prior to the layoff rather than bringing back the Plaintiffs.

22.     The Defendant's supervising dispatcher, Steve, told Plaintiff Banks that his route, number 60, had been eliminated, however, another driver told Plaintiff Banks that he was running route 60 and asked Banks for information pertaining to the route.

23.     Several customers questioned Banks why he was no longer running route 60.

24.     The Operations Manager Don Saxbury told Plaintiff Scott that they were not bringing him back because he did not know multiple routes, which was a false excuse and pretext for discriminatory motive; Defendant had given Scott a job evaluation in which they commented that he was able to drive multiple routes.

25.     There are common questions of law and fact common to all parties herein.

26.     The claims of each Plaintiff arise out of a single transaction or occurrence or series of transactions or occurrences.

27.     Each plaintiff has timely dually filed a charge of discrimination with the Missouri Commission on Human Rights ("MCHR")and the Equal Employment Opportunities Commission ("EEOC") and received a right to sue from the EEOC and MCHR.


## COUNT I – PLAINFIFF CLARENCE BANKS FOR VIOLATIONS OF THE MHRA

28.     Plaintiffs restate and reallege the foregoing paragraphs as though set forth fully herein.

29.     This Count is brought pursuant to the Missouri Human Rights Act (MHRA), Chapter 213 of the Missouri Revised Statutes.

30.     Section 213.055 R.S.Mo. states in relevant part "It shall be an unlawful employment practice . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color,  national origin, sex, ancestry, age or disability" and "[t]o limit, segregate, or classify his employees or his employment applicants in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability".

31.     Defendant harassed and discriminated against Plaintiff Banks based upon his race and color.

32.     Defendant failed to bring back, terminated and/or constructively discharged Plaintiff Banks because of his race and color.

33.     Defendant limited, segregated and classified plaintiff Banks in order to deprive him of employment opportunities and adversely affected his status as employees because of his race and color.

34.     Defendant's harassment and discrimination of Plaintiff Banks affected terms, conditions, and/or privileges of his employment.

35.     Defendant was aware of the harassment and discrimination inflicted on Plaintiff Banks.

36.     Defendant discharged and discriminated against Plaintiff Banks with respect to his compensation, terms, conditions, or privileges of employment, because of his race and color.

37.     Plaintiff Banks' race and color were a contributing and motivating factor and the exclusive cause in Defendant's discriminatory actions against him.

5

38.     Plaintiff Banks has suffered financial loss, incurred attorney fees and costs, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life because of the actions of the Defendant.

39.     The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

40.     The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff Bank's rights.

41.     Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff Banks, and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff Clarence Banks prays this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Ole Tyme Produce, Inc., has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff Banks whole for the loss of income he has suffered as a result of the unlawful acts of discrimination, including back pay from the time of the unlawful discrimination, with interest thereon and fringe benefits, reinstatement and/or front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, statutory damages, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $75,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts; and  to Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT II – PLAINFIFF CLARENCE BANKS FOR VIOLATIONS UNDER 42 U.S.C. SECTION 1981

42.     Plaintiffs restate and reallege the foregoing paragraphs as though set forth fully herein.

43.      This Count is brought pursuant to the Civil Rights Act of 1866, 42 U.S.C § 1981.

44.     Section 1977 of the Revised Statutes, 42 U.S.C. Section 1981 as amended guarantees all persons the same right to make and enforce contracts as non-African Americans. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of contractual relationship.

45.     Defendant has intentionally and purposefully interfered with the contracts related to the employment opportunities of Plaintiff Banks because he is African American causing him damage in violation of 42 U.S.C. § 1981; including, but not limited to, failing to bring back, terminating and/or constructively discharging Plaintiff.

46.     As a direct and proximate result of the unlawful employment practices, plaintiff has suffered loss of wages, benefits, experience, and career advancement, as well as mental anguish and humiliation.

47.     The Defendant engaged in discriminatory practices with malice and/or with reckless indifference to the federally protected rights of Plaintiff Banks.

48.     The Defendant authorized the doing and the manner of its agent's discriminatory acts.

49.     The defendant ratified or approved the discriminatory actions of its agents.

50.     The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff Bank's rights.

51.     Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff Banks, and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff Clarence Banks prays this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Ole Tyme Produce, Inc., has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff Banks whole for the loss of income he has suffered as a result of the unlawful acts of discrimination, including back pay from the time of the unlawful discrimination, with interest thereon and fringe benefits, reinstatement and/or front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, statutory damages, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $75,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts; and  to Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT III – PLAINFIFF CLARENCE BANKS FOR VIOLATIONS UNDER TITLE VII OF 42 U.S.C SECTION 2000E OF THE CIVIL RIGHTS ACT OF 1964

52.     Plaintiffs restate and reallege the foregoing paragraphs as though set forth fully herein.

53.     Defendant is an employer as defined by 42 U.S.C. § 2000e.

54.     Defendant intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 2000e, *et seq*., of Title VII of the Civil Rights Act of 1964, as amended, by practices including, but not limited to, failing to bring back, terminating and/or constructively discharging Plaintiff.

55.     The actions of Defendant were motivated by Plaintiff Banks' race and color.

56.     As a direct and proximate result of these unlawful employment practices, Plaintiff Banks has suffered losses of wages, benefits, experience, and career advancement and has suffered mental anguish and humiliation.

57.     Because of these damages, plaintiffs are entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(g).

58.     The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff Bank's rights.

59.     Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff Banks, and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff Clarence Banks prays this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Ole Tyme Produce, Inc., has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff Banks whole for the loss of income he has suffered as a result of the unlawful acts of discrimination, including back pay from the time of the unlawful discrimination, with interest thereon and fringe benefits, reinstatement and/or front pay, compensatory damages,

damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, statutory damages, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $75,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts; and  to Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT IV – PLAINFIFF SHELDON SCOTT FOR VIOLATIONS OF THE MHRA

60.     Plaintiffs restate and reallege the foregoing paragraphs as though set forth fully herein.

61.     This Count is brought pursuant to the Missouri Human Rights Act (MHRA), Chapter 213 of the Missouri Revised Statutes.

62.     Section 213.055 R.S.Mo. states in relevant part "It shall be an unlawful employment practice . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color,  national origin, sex, ancestry, age or disability" and "[t]o limit, segregate, or classify his employees or his employment applicants in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability".

63.     Defendant harassed and discriminated against Plaintiff Scott based upon his race and color.

10

64.     Defendant failed to bring back, terminated and/or constructively discharged Plaintiff Scott because of his race and color.

65.     Defendant limited, segregated and classified plaintiff Scott in order to deprive him of employment opportunities and adversely affected his status as employees because of his race and color.

66.     Defendant's harassment and discrimination of Plaintiff Scott affected terms, conditions, and/or privileges of his employment.

67.     Defendant was aware of the harassment and discrimination inflicted on Plaintiff Scott.

68.     Defendant discharged and discriminated against Plaintiff Scott with respect to his compensation, terms, conditions, or privileges of employment, because of his race and color.

69.     Plaintiff Scott' race and color were a contributing and motivating factor and the exclusive cause in Defendant's discriminatory actions against him.

70.     Plaintiff Scott has suffered financial loss, incurred attorney fees and costs, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life because of the actions of the Defendant.

71.     The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

72.     The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff Bank's rights.

73.     Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff Scott, and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff Sheldon Scott prays this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Ole Tyme Produce, Inc., has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff Scott whole for the loss of income he has suffered as a result of the unlawful acts of discrimination, including back pay from the time of the unlawful discrimination, with interest thereon and fringe benefits, reinstatement and/or front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, statutory damages, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $75,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts; and  to Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT V – PLAINFIFF SHELDON SCOTT FOR VIOLATIONS UNDER 42 U.S.C. SECTION 1981

74.     Plaintiffs restate and reallege the foregoing paragraphs as though set forth fully herein.

75.      This Count is brought pursuant to the Civil Rights Act of 1866, 42 U.S.C § 1981.

76.     Section 1977 of the Revised Statutes, 42 U.S.C. Section 1981 as amended guarantees all persons the same right to make and enforce contracts as non-African Americans. The term "make and enforce" contracts includes the making, performance, modification, and

termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of contractual relationship.

77.     Defendant has intentionally and purposefully interfered with the contracts related to the employment opportunities of Plaintiff Scott because he is African American causing him damage in violation of 42 U.S.C. § 1981; including, but not limited to, failing to bring back, terminating and/or constructively discharging Plaintiff.

78.     As a direct and proximate result of the unlawful employment practices, plaintiff has suffered loss of wages, benefits, experience, and career advancement, as well as mental anguish and humiliation.

79.     The Defendant engaged in discriminatory practices with malice and/or with reckless indifference to the federally protected rights of Plaintiff Scott.

80.     The Defendant authorized the doing and the manner of its agent's discriminatory acts.

81.     The defendant ratified or approved the discriminatory actions of its agents.

82.     The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff Bank's rights.

83.     Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff Scott, and entitles Plaintiff to an award of punitive damages.


**WHEREFORE**, the Plaintiff Sheldon Scott prays this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Ole Tyme Produce, Inc., has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make

Plaintiff Scott whole for the loss of income he has suffered as a result of the unlawful acts of discrimination, including back pay from the time of the unlawful discrimination, with interest thereon and fringe benefits, reinstatement and/or front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, statutory damages, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $75,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts; and  to Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT VI – PLAINFIFF SHELDON SCOTT FOR VIOLATIONS UNDER TITLE VII OF 42 U.S.C SECTION 2000E OF THE CIVIL RIGHTS ACT OF 1964

84.     Plaintiffs restate and reallege the foregoing paragraphs as though set forth fully herein.

85.     Defendant is an employer as defined by 42 U.S.C. § 2000e.

86.     Defendant intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 2000e, *et seq*., of Title VII of the Civil Rights Act of 1964, as amended, by practices including, but not limited to, failing to bring back, terminating and/or constructively discharging Plaintiff.

87.     The actions of Defendant were motivated by Plaintiff Scott's race and color.

88.     As a direct and proximate result of these unlawful employment practices, Plaintiff Scott has suffered losses of wages, benefits, experience, and career advancement and has suffered mental anguish and humiliation.

14

89.     Because of these damages, plaintiffs are entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(g).

90.     The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff Bank's rights.

91.     Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff Scott, and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff Sheldon Scott prays this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Ole Tyme Produce, Inc., has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff Scott whole for the loss of income he has suffered as a result of the unlawful acts of discrimination, including back pay from the time of the unlawful discrimination, with interest thereon and fringe benefits, reinstatement and/or front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, statutory damages, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $75,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts; and  to Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT VII – PLAINFIFF KYLE SIMMONS FOR VIOLATIONS OF THE MHRA

92.     Plaintiffs restate and reallege the foregoing paragraphs as though set forth fully herein.

93.     This Count is brought pursuant to the Missouri Human Rights Act (MHRA), Chapter 213 of the Missouri Revised Statutes.

94.     Section 213.055 R.S.Mo. states in relevant part "It shall be an unlawful employment practice . . . to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color,  national origin, sex, ancestry, age or disability" and "[t]o limit, segregate, or classify his employees or his employment applicants in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, national origin, sex, ancestry, age or disability".

95.     Defendant harassed and discriminated against Plaintiff Simmons based upon his race and color.

96.     Defendant failed to bring back, terminated and/or constructively discharged Plaintiff Simmons because of his race and color.

97.     Defendant limited, segregated and classified plaintiff Simmons in order to deprive him of employment opportunities and adversely affected his status as employees because of his race and color.

98.     Defendant's harassment and discrimination of Plaintiff Simmons affected terms, conditions, and/or privileges of his employment.

99.     Defendant was aware of the harassment and discrimination inflicted on Plaintiff Simmons.

100.    Defendant discharged and discriminated against Plaintiff Simmons with respect to his compensation, terms, conditions, or privileges of employment, because of his race and color.

101.    Plaintiff Simmons' race and color were a contributing and motivating factor and the exclusive cause in Defendant's discriminatory actions against him.

102.    Plaintiff Simmons has suffered financial loss, incurred attorney fees and costs, decreased business opportunities, emotional pain, suffering, inconvenience, loss of enjoyment of life because of the actions of the Defendant.

103.    The Defendant's articulated reasons for its actions were pretexts for unlawful actions.

104.    The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff Bank's rights.

105.    Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff Simmons, and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff Kyle Simmons prays this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Ole Tyme Produce, Inc., has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff Simmons whole for the loss of income he has suffered as a result of the unlawful acts of discrimination, including back pay from the time of the unlawful discrimination, with interest thereon and fringe benefits, reinstatement and/or front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, statutory

damages, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $75,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts; and  to Grant such additional and affirmative relief as the Court may deem just and proper.


## COUNT VIII – PLAINFIFF KYLE SIMMONS FOR VIOLATIONS UNDER 42 U.S.C. SECTION 1981

106.    Plaintiffs restate and reallege the foregoing paragraphs as though set forth fully herein.

107.     This Count is brought pursuant to the Civil Rights Act of 1866, 42 U.S.C § 1981.

108.    Section 1977 of the Revised Statutes, 42 U.S.C. Section 1981 as amended guarantees all persons the same right to make and enforce contracts as non-African Americans. The term "make and enforce" contracts includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of contractual relationship.

109.    Defendant has intentionally and purposefully interfered with the contracts related to the employment opportunities of Plaintiff Simmons because he is African American causing him damage in violation of 42 U.S.C. § 1981; including, but not limited to, failing to bring back, terminating and/or constructively discharging Plaintiff.

110.    As a direct and proximate result of the unlawful employment practices, plaintiff has suffered loss of wages, benefits, experience, and career advancement, as well as mental anguish and humiliation.

111.   The Defendant engaged in discriminatory practices with malice and/or with reckless indifference to the federally protected rights of Plaintiff Simmons.

112.   The Defendant authorized the doing and the manner of its agent's discriminatory acts.

113.   The defendant ratified or approved the discriminatory actions of its agents.

114.    The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff Bank's rights.

115.    Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff Simmons, and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff Kyle Simmons prays this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Ole Tyme Produce, Inc., has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff Simmons whole for the loss of income he has suffered as a result of the unlawful acts of discrimination, including back pay from the time of the unlawful discrimination, with interest thereon and fringe benefits, reinstatement and/or front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, statutory damages, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to

be determined at trial, in excess of $75,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts; and  to Grant such additional and affirmative relief as the Court may deem just and proper.

## COUNT IX – PLAINFIFF KYLE SIMMONS FOR VIOLATIONS UNDER TITLE VII OF 42 U.S.C SECTION 2000E OF THE CIVIL RIGHTS ACT OF 1964

116.    Plaintiffs restate and reallege the foregoing paragraphs as though set forth fully herein.

117.    Defendant is an employer as defined by 42 U.S.C. § 2000e.

118.    Defendant intentionally engaged in unlawful employment practices in violation of 42 U.S.C. § 2000e, *et seq.*, of Title VII of the Civil Rights Act of 1964, as amended, by practices including, but not limited to, failing to bring back, terminating and/or constructively discharging Plaintiff.

119.    The actions of Defendant were motivated by Plaintiff Simmons' race and color.

120.    As a direct and proximate result of these unlawful employment practices, Plaintiff Simmons has suffered losses of wages, benefits, experience, and career advancement and has suffered mental anguish and humiliation.

121.    Because of these damages, plaintiffs are entitled to such affirmative relief as may be appropriate, including but not limited to reinstatement, lost wages, and benefits in accordance with the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(g).

122.    The Defendant's conduct was outrageous because of the Defendant's evil motive or reckless indifference to the Plaintiff Bank's rights.

123.    Defendant's actions were intentional, willful, knowing, wanton and malicious, and in flagrant disregard for the rights of Plaintiff Simmons, and entitles Plaintiff to an award of punitive damages.

**WHEREFORE**, the Plaintiff Kyle Simmons prays this court after a trial by jury, for which a jury is hereby demanded, to find that the Defendant Ole Tyme Produce, Inc., has violated the rights of the Plaintiff as set forth above; that a Judgment be entered ordering Defendant to make Plaintiff Simmons whole for the loss of income he has suffered as a result of the unlawful acts of discrimination, including back pay from the time of the unlawful discrimination, with interest thereon and fringe benefits, reinstatement and/or front pay, compensatory damages, damages for past and future mental anguish, inconvenience, loss quality of life, and pain and suffering, statutory damages, punitive damages in the maximum amount allowed by law, and other affirmative relief necessary to eradicate the effects of Defendant's unlawful employment practices, in an amount to be determined at trial, in excess of $75,000.00; Allow Plaintiff the costs of this action, including reasonable attorney fees and expenses incurred; for interest on all amounts; and  to Grant such additional and affirmative relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs, through counsel, respectfully requests a trial by jury on all issues.

Respectfully submitted,

**KASPER LAW FIRM, LLC**

By: _/s/ Kevin J. Kasper_

Kevin J. Kasper, #52171MO
Ryan P. Schellert, #56710MO
3930 Old Hwy 94 South - Suite 108
St. Charles, MO 63304
Ph: 636-922-7100
Fax: 866-303-2874
Email: KevinKasper@KasperLawFirm.net
Email: RyanSchellert@KasperLawFirm.net
*ATTORNEYS FOR PLAINTIFF*